IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00835-BNB

CLYDE HARVEY,

    Applicant,

v.

KEN BUCK, Weld County DA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Clyde Harvey, currently resides in Briggsdale, Colorado. Mr. Harvey, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of a Colorado state court conviction in Case No. 11M973. Mr. Harvey asserts that he was convicted on September 22, 2011, in the Weld County Court of driving without a valid license and insurance and was sentenced to ninety days work release with a two-day credit. Mr. Harvey seeks recognition of his status as a "State National and Independent Function Separate from the Commercial System." He also requests that Weld County either replace or return his truck or compensate him and "comply with the terms of the prior notice and affidavit."

    The Court must construe the Application liberally because Mr. Harvey is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Mr. Harvey is not in custody nor does he ask for release from custody as relief. Because Mr. Harvey is not in custody for the challenged conviction, this Court lacks jurisdiction to review the merits of his claims.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harvey files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed pursuant to 28 U.S.C. § 2254(a) for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Harvey has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __26th__ day of __March__, 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court